UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14012-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESS H. COOLEY,

    Defendant,

v.

DEFENSE FINANCE AND
ACCOUNTING SERVICE,

    Garnishee.
_____/



FILED by _____ D.C.

FEB 12 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR WRIT OF GARNISHMENT [D.E. #53] AND DEFENDANT'S MOTION FOR HEARING [D.E. #57]

**THIS CAUSE** having come on to be heard upon the aforementioned motions and this Court having reviewed the motions and other pleadings filed by the parties herein, recommends to the District Court as follows:

    1.    The Defendant in this case was sentenced to 104 months in prison and was ordered to pay a fine of $20,000. The pleadings reflect that the District Court entered an Amended Judgment against the Defendant on or about July 25, 2013.

    2.    By way of motion, the government was seeking to have a Writ of Garnishment issued pursuant to the Federal Debt Collection Procedures Act. The government alleges that the Defendant is the recipient of a pension from the United States Department of Defense. The Writ was issued by the Clerk of this Court and served upon the United States Department of Defense. On or about October 3, 2013, the United States Department of Defense responded and acknowledged that the Defendant receives gross pay of $3,974.00 per month in his pension.

3. The Defendant filed a request for a hearing on the garnishment issue because he disagreed with the government and asserted that his government pension is subject to garnishment only up to 15%. The Defendant presented a plan where he would pay $250.00 a month until his fine was paid in full. The Defendant's motion for a hearing was for the purpose of him discussing the garnishment and to determine a payment plan.

4. This Court entered an Order on November 25, 2013 directing the government to file supplemental briefing on the issues of whether or not the Defendant's pension was exempt based on retired or retainer pay as set forth in Chapter 73 of the United States Code; whether there was a 25% cap on the pension or a lesser cap; and whether the government seeks periodic payments or a lump sum.

5. The government responded that the pension was not an annuity as defined under the United States Code and that it was only seeking a garnishment of that portion of the Defendant's pension benefits which were not clearly exempt under the law.

6. This Court was not satisfied with that response and on January 21, 2014 entered a further Order directing the government to respond as to whether there is a 15% or a 25% monthly cap on the garnishment of the Defendant's pension, provide a sworn accounting of the current balance due on the Defendant's debt since the Defendant alleged that certain payments had already been made, and how the Bureau of Prisons periodic deductions would affect the continuing of garnishment if issued.

7. In response to that Order, the government has filed its responsive pleading [D.E. #64] on February 11, 2014. The government sets forth in its response to this Court's Order that as of February 11, 2014, the Defendant owes $19,508.83 on the original $20,100.00 debt. The government sets forth that a $100.00 payment was made on August 1, 2013. Another $25.00 payment was made on December 6, 2013 with funds collected from

the Defendant's account at the Federal Bureau of Prisons. A third payment of $475.63 was received from the Department of the Treasury on January 1, 2014, as a result of its enrollment of the Defendant in its Treasury Offset Program.

8. The government explains that the Treasury Offset Program (TOP) is a centralized offset program utilized to collect debts owed to federal agencies whereby administrative offsets are utilized to withhold funds payable by the United States to the debtor, being the Defendant in this case. Since the Treasury Department will continue to administratively offset a portion of the payments of federal funds due to the Defendant to collect on his federal debt, the government requests in its response [D.E. #64] that the Court dissolve the pending Writ of Garnishment without prejudice, authorize the Garnishee Defense Finance and Accounting Service to release any and all funds currently frozen pursuant to the previous Writ of Garnishment issued in this case, and deny the Defendant's Motion for Hearing as moot.

9. Based upon the foregoing, this Court will recommend to the District Court that the government's request for dissolution of the pending Writ of Garnishment and release of any funds presently frozen be granted. This Court will also recommend denial of the Defendant's Motion for Hearing since that matter is now moot based upon the government declining to proceed in this matter concerning garnishment.

**ACCORDINGLY**, this Court recommends to the District Court that the government's request set forth in its response to this Court's Order [D.E. #64] be **GRANTED** and an Order entered in the following fashion:

    a. Dissolution of the pending Writ of Garnishment without prejudice;

    b. Directing the United States Defense Finance and Accounting Service release any and all funds currently frozen pursuant to this Court's

previous Writ of Garnishment and that the government provide a copy to the United States Defense Finance and Accounting Service so that this is accomplished forthwith; and

c. The Defendant's Motion For Hearing [D.E. #57] be DENIED as moot.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this ___12th___ day of February, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Carlos Raurell

Jess H. Cooley
Reg. No. 02550-104
Estill Federal Prison Camp
P.O. Box 699
Estill, SC 29918-0699

Indira Gatlin
Paralegal Specialist
Garnishment Operations
Defense Finance and Accounting Service
P.O. Box 998002
Cleveland, OH 44199-8002